UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI CALLOWAY,

    Petitioner,

v.

R. DAVIS,

    Respondent.

No. 2:17-cv-1586 MCE KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner incarcerated at the California Health Care Facility ("CHCF") in Stockton. Petitioner paid the filing fee. Petitioner proceeds without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

As set forth below, respondent's motion to dismiss should be granted.

II. Background

Petitioner is serving an indeterminate sentence of 30 years, 4 months to life in state prison. (ECF Nos. 1 at 2; 16-1 at 2.) On March 17, 2016, petitioner was found guilty of a prison disciplinary violation, battery on a peace officer,[1] and assessed a 360-day loss of custody credit.

---

[1] The underlying incident occurred while petitioner was housed at San Quentin State Prison, but the prison disciplinary hearing was held at CHCF.

(ECF No. 1-2 at 1-4.)  Petitioner challenged the prison disciplinary conviction through all three levels of administrative review.  (ECF No. 1-1 at 2-25.)

Subsequently, petitioner filed petitions for writs of habeas corpus in the Marin County Superior Court, the California Court of Appeal, and the California Supreme Court; all of these petitions were denied.  (ECF No. 1 at 7-10.)

On April 6, 2017, an institutional classification committee released petitioner from maximum custody and suspended the remainder of the 42-month security housing unit ("SHU") term.  (ECF No. 16-2 at 4.)

III.  Motion to Dismiss

A.  Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

In light of petitioner's challenges to a prison disciplinary hearing and findings, the following legal standards are also applicable.

It is well established that prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir.) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum), cert. denied, 431 U.S. 919 (1977).

A prisoner is entitled to advance written notice of the charges against him as well as a written statement of the evidence relied on by prison officials and the reasons for the disciplinary action.  See Wolff, 418 U.S. at 563.  A prisoner also has a right to a hearing at which he may "call witnesses and

present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Ponte v. Real, 471 U.S. 491, 495 (1985). An investigative officer may be required to assist prisoners who are illiterate or whose case is particularly complex. Wolff, 418 U.S. at 570. The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Id. at 571. Finally, the decision rendered on a disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455.

In Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (*en banc*), the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" Nettles, 830 F.3d at 931, 934 (citations omitted). In Nettles, the court found that success on the merits of the petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus." Id. The court reasoned that "[s]uccess on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Nettles, 830 F.3d at 934-35. However, the court left open the possibility that petitioner's claims could be brought in a civil rights action under 42 U.S.C. § 1983.

B. The Instant Petition

In the instant petition, petitioner asserts that at the March 17, 2016 disciplinary hearing, he was denied due process because prison officials (1) denied his right to use video surveillance to prove petitioner's actual innocence; (2) denied his request for witnesses; (3) failed to ensure that a staff assistant and an investigative employee were present at the hearing; and (4) failed to appoint a correctional captain, correctional counselor III, or parole agent III to adjudicate the prison disciplinary charge, and alleges his SHU placement subjected him to an atypical and significant hardship. (ECF No. 1 at 21-22.) Petitioner seeks an order expunging the prison disciplinary, restoring the lost custody credits, and suspending the 42-month security housing unit ("SHU") term that was imposed after the hearing. (ECF No. 1 at 22.)

### C. The Parties' Positions

Respondent argues that petitioner's claims are not cognizable federal habeas claims because such claims do not implicate the fact or duration of his confinement. Petitioner is serving a sentence of 30 years, 4 months to life in prison, and will be released on parole only after the California Board of Parole Hearings ("Board") determines petitioner no longer poses an unreasonable risk of danger to public safety. Thus, respondent contends that an order expunging the prison disciplinary and restoring lost custody credits will not necessarily result in a shorter period of incarceration. In addition, respondent argues that because petitioner is no longer serving the 42 month SHU term, petitioner's request for the suspension of the SHU term is moot.

In opposition, petitioner contends that the prison disciplinary conviction resulted in a loss of custody credits and the Board will deny petitioner release on parole if the prison disciplinary conviction is not expunged, and therefore his claims are cognizable on habeas review. (ECF No. 20 at 4.) Petitioner argues that the prison disciplinary conviction continues to impact his custody security level, hindering his program status and rehabilitation. Further, petitioner contends that he is unable to challenge the prison disciplinary conviction in an action under 42 U.S.C. § 1983 because such action would be barred under Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 20 at 7-8.) Petitioner provides declarations from inmate witnesses to the incident addressed in the prison disciplinary hearing. (ECF No. 20 at 10-14.)

In reply, respondent reiterates that petitioner's claims are foreclosed by Nettles. Because the Board is not required to find petitioner suitable or unsuitable for parole based on any single factor, respondent argues that the expungement of the prison disciplinary conviction at issue will not "necessarily" result in a grant of parole and shorten petitioner's incarceration. (ECF No. 22 at 2.) Moreover, because petitioner was released from the SHU after completing 17 months of the term, respondent once again contends that petitioner's request for suspension is now moot. (ECF No. 22 at 2, citing Spencer v. Kemna, 523 U.S. 1, 7 (1998). Further, respondent argues that petitioner's claim that the prison disciplinary conviction still affects his custody level and programming status lacks factual support, and fails to establish such claim invokes habeas corpus jurisdiction.

4

D. Discussion

The Ninth Circuit has squarely rejected petitioner's argument that a prison disciplinary conviction affects an inmate's parole eligibility. Nettles. In California, parole is at the discretion of the Board. Nettles, 830 F.3d at 935. When considering whether to grant parole, a prison disciplinary is just one of several factors the Board considers. Id. The Board may deny or grant parole regardless of whether a prisoner has a prison disciplinary conviction, or the number of such convictions. See id. Thus, because an expungement of the prison disciplinary conviction does not guarantee an earlier release from prison, such claims do not fall within "'the core of habeas corpus,'" making the claims not cognizable in habeas. Id. (citation omitted).

Petitioner fails to demonstrate that his term of incarceration will be shortened or terminated if he is successful on his federal due process claims. Nothing in the petition and exhibits suggests that petitioner, who is serving a sentence of 30 years, 4 months to life, would serve a shorter sentence in the absence of the 360-day credit loss imposed as a result of his disciplinary conviction. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929 (fn. omitted) (citing Muhammad v. Close, 540 U.S. 749, 754-55 (2004)).[2]

In addition, as argued by respondent, because petitioner was released from the SHU after completing 17 months of the term, petitioner's request for suspension of the SHU term is now moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Accordingly, the undersigned finds that respondent's motion to dismiss should be granted because this action may not proceed in habeas corpus but may, potentially, proceed only under 42 U.S.C. § 1983.

Therefore, the next question is whether the instant petition should be construed as a civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of

---

[2] "[W]here. . . a successful § 1983 action would not necessarily result in an earlier release from incarceration. . . the favorable termination rule of Heck and Edwards does not apply." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (citing Heck v. Humphrey, 512 U.S. 477, 483, 486-87 (1994), and Edwards v. Balisok, 520 U.S. 641, 644 (1997)).

action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint. The claims presented in the instant petition use "habeas corpus" terminology. The petition does not name or otherwise identify a proper civil rights defendant. Although it appears petitioner exhausted his administrative remedies prior to filing the instant action as required under 42 U.S.C. § 1997e(a), petitioner should be accorded the opportunity to consider the potential impact of obtaining in forma pauperis status on his claims in a civil rights case, as it may impact his eligibility for in forma pauperis status in future cases. See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim). Petitioner has pursued at least 11 civil rights cases in this court, two of which remain open.[3] Finally, if petitioner chooses to pursue a civil rights action, the filing fee for § 1983 actions is $400.00. If granted in forma pauperis status, petitioner would be required to pay a $350.00 filing fee by way of deductions from petitioner's inmate trust account. See 28 U.S.C. § 1915(b)(1). If petitioner is not granted in forma pauperis status, he would be required to pay the court's $400.00 full filing fee.

For all of these reasons, the undersigned finds that the instant petition fails to state a cognizable claim for habeas relief, and respondent's motion to dismiss should be granted. Further, the court finds that it is inappropriate to construe the instant petition as a civil rights complaint. Dismissal of this action without prejudice will allow petitioner, at his discretion, to decide whether to pursue his claims in a new civil rights action.

---

[3] A court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. This action be dismissed without prejudice; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/call1586.mtd.hc